636 F.2d 23
 WOMEN'S HEALTH SERVICES, INC.; Jane Doe, individually and on
behalf of other persons similarly situated; Virginia
Stuermer, M.D., individually and on behalf of other persons
similarly situated; Forrest D. Gibson, M.D., individually
and on behalf of other persons similarly situated,
Plaintiffs-Appellees,
v.
Edward W. MAHER, in his official capacity as Commissioner,
State of Connecticut Department of Income Maintenance; Henry
E. Parker, in his official capacity as Treasurer of the
State of Connecticut, Defendants and Third-Party Plaintiffs-Appellants,
v.
Patricia R. HARRIS, in her official capacity as Secretary of
the United States Department of Health, Education
and Welfare; and
United States Department of Health, Education and Welfare,
Third-Party Defendants-Appellees.
 No. 232, Docket 80-6029.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 5, 1980.
Decided Nov. 25, 1980.
 
 Michael Anthony Arcari, Asst. Atty. Gen., Hartford, Conn. (Carl R. Ajello, Atty. Gen., Paige J. Everin, Asst. Atty. Gen., Hartford, Conn., of counsel) for defendants and third-party plaintiffs-appellants.
 Catherine Roraback, Canaan, Conn. (Martha Stone, Connecticut Civil Liberties Union Foundation, Hartford, Conn., of counsel) for plaintiffs-appellees.
 Linda Cole, Atty., Civ. Div., Dept. of Justice, Washington, D.C. (Richard Blumenthal, U. S. Atty., New Haven, Conn., Alice Daniel, Asst. Atty. Gen., William Kanter, Atty., Civ. Div., Dept. of Justice, Washington, D.C., of counsel) for third-party defendants-appellees.
 Before FEINBERG, Chief Judge, and LUMBARD* and FRIENDLY, Circuit Judges.
 FEINBERG, Chief Judge:
 
 
 1
 Defendants Edward W. Maher and Henry E. Parker appeal from orders of the United States District Court for the District of Connecticut, M. Joseph Blumenfeld, J., that held unconstitutional a Connecticut regulation providing public funds for abortions only when the mother's life would otherwise be endangered and that enjoined state officials from refusing to provide reimbursement to those otherwise eligible for medically necessary abortions.[1] For reasons set forth below, we vacate the orders of the district court, and remand the case for further proceedings in light of the recent Supreme Court decisions in Harris v. McRae, --- U.S. ----, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980), and Williams v. Zbaraz, 448 U.S. ----, 100 S.Ct. 2694, 65 L.Ed.2d 831 (1980).
 
 
 2
 The present appeal involves three groups of parties and numerous amici curiae. The named plaintiffs are a New Haven clinic (Women's Health Services, Inc.) providing pregnancy termination services, an indigent pregnant woman in need of a medically necessary abortion and her two physicians. The district judge certified the case as a class action, including all indigent pregnant women who qualify for State medical assistance in Connecticut, as well as all physicians "who are certified to and who treat as patients Medicaid eligible women." Defendant Maher is the Commissioner of the Connecticut Department of Income Maintenance, formerly known as the Department of Social Services, and is responsible for administration of the State's medical assistance program. That program is funded in part by federal grants, including those provided under Title XIX of the Social Security Act, 42 U.S.C. § 1396 (Medicaid). Defendant Parker is the State Treasurer, with authority over disbursement of state monies. Third-party defendants are Patricia R. Harris and the federal department of which she is Secretary, formerly the Department of Health, Education and Welfare, and now the Department of Health and Human Services (the Department). The Department is responsible for disbursement of federal funds under the Medicaid program.
 
 
 3
 Plaintiffs' complaint attacked on various grounds a regulation issued by defendant Maher, 3 Department of Income Maintenance, Medical Assistance Program Manual, Chapter III, § 275 (§ 275), which denied an indigent pregnant woman in need of a "medically necessary" abortion the Medicaid funds necessary to secure an abortion unless continuation of pregnancy would endanger her life. The complaint was filed on July 17, 1979, and apparently on the same day the district court enjoined enforcement of § 275 pending resolution of this suit. Defendants then brought their third-party action against Harris and the Department, demanding the continuation of federal funding for all Medicaid-subsidized abortions performed in Connecticut, including those performed only owing to the district court's injunction. Thereafter, the district court conducted an evidentiary hearing on plaintiffs' motion for a preliminary injunction which, by agreement of the parties, was consolidated with the hearing on the merits on plaintiffs' demand for a permanent injunction. Fed.R.Civ.Proc. 65(a)(2).
 
 
 4
 In January 1980, the district court held that § 275 was an unconstitutional deprivation of equal protection; the court did not decide any issues arising out of the third-party complaint, 482 F.Supp. 725. On June 30, 1980, after defendants had taken an appeal to this court, the Supreme Court decided Harris v. McRae, supra, and Williams v. Zbaraz, supra. McRae held, among other things, that the so-called Hyde Amendment, which prohibits the disbursement of federal funds for abortions except when the life of the mother would otherwise be endangered (unless the pregnancy is the result of rape or incest), was not an unconstitutional deprivation of equal protection.[2] Zbaraz held that an Illinois statute restricting state funding of abortions according to the standards of the Hyde Amendment was likewise not an unconstitutional deprivation of equal protection.
 
 
 5
 On this appeal, we have been favored not only with the briefs of the parties, but also with two amici briefs: one from the Connecticut Catholic Conference, which is opposed to the district court decision, and another on behalf of 38 organizations that favor that decision. Considered together with the appeal were three motions: the first by defendants, to "suspend" the district court's injunction against enforcement of § 275; the second by third-party defendants, to dismiss the appeal with respect to them; and the third also by third-party defendants, to remand the proceedings to the district court.
 
 
 6
 The motions by third-party defendants are made in an uncommon procedural context which fortunately need not detain us long because of our ultimate disposition of the appeal. As indicated above, the district court has not yet passed upon the issues raised by the third-party complaint and the orders appealed from are not by their terms directed against third-party defendants. Yet, the brief on the merits of defendants-appellants in this court identifies as one of the issues on appeal "Whether the court below should have issued a decision binding the United States Department of Health, Education and Welfare and its Secretary as to the injunction issued with respect to federal reimbursement under Title XIX." Undoubtedly for this reason, third-party defendants felt justified in moving to dismiss the appeal, even though they do not appear to be parties to it, and in moving to remand the proceedings to the district court.
 
 
 7
 With respect to this last motion, plaintiffs and defendants both opposed a remand. Since we conclude that a remand is appropriate, we find ourselves in the unusual situation of agreeing with a non-party to the appeal that the case belongs back in the district court where none of the real parties to the appeal want it. Although McRae and Zbaraz are apparently controlling, plaintiffs assert that these decisions are no bar to affirmance of the decision below. First, plaintiffs stress that McRae and Zbaraz involved legislative enactments, while the present case involves an administrative regulation. Second, plaintiffs suggest that § 275 was improperly promulgated. Third, they argue that Connecticut has not "articulated" the state interest found in McRae and Zbaraz to justify the enactments challenged there. Finally, plaintiffs contend that because § 275 is more restrictive than the Hyde Amendment-in that § 275 contains no special provisions for the victims of rape and incest-s 275 is invalid. We strongly doubt that McRae and Zbaraz can be meaningfully distinguished from the present case, and we therefore feel justified in vacating the orders of the district court. Nevertheless, we are aware that none of these arguments were presented to the district court, and we remand for that court to rule upon them in the first instance and to rule on the issues arising out of the third-party complaint.
 
 
 8
 Defendants also oppose the motion to remand. They simply assert that a remand "unequivocally would cause unnecessary and unreasonable delay in the full disposition" of this case. We expect that our decision to vacate the injunction now in effect as well as to remand will substantially remove defendants' objections to such a delay.
 
 
 9
 Our decision to vacate and remand will have one other beneficial effect. Plaintiffs' efforts to distinguish McRae and Zbaraz, listed above, hinge more or less on the differences between the administrative regulation, § 275, and the statutes upheld in those cases. A remand would afford the Connecticut legislature an opportunity to consider § 275 and to take action that could resolve some, if not all, of those questions. For example, legislative action could bring § 275 into conformity with the present version of the Hyde Amendment,[3] render moot, at least for the future, any question with respect to § 275's promulgation, and shed light on the State's interest in not funding abortion. On the other hand, the legislature could reject § 275 and adopt a policy of funding some or all medically necessary abortions. Other courses are also possible. Such legislation could solve many problems for the future, although there would still be claims from the past, especially those arising from the third-party claim.
 
 
 10
 The orders of the district court are vacated and the case is remanded. Under the circumstances, there is no need to pass upon the motions.
 
 
 
 *
 One of the judges originally on the panel disqualified himself after oral argument, at the suggestion of plaintiffs. Pursuant to Local Rule § 0.14(b), Judge Lumbard has been designated to sit instead. Judge Lumbard has read the briefs, motions and other pertinent papers, has listened to the tape recording of the oral argument and has participated fully in this decision. The parties consented in open court to this procedure
 
 
 [1]
 Defendants also appeal from the district court's denial of defendants' "Motion for Clarification."
 
 
 [2]
 The Hyde Amendment is the name given to funding restrictions imposed by Congress since fiscal year 1977 on the annual appropriation bills for the Department
 
 
 [3]
 Plaintiffs do not appear to have standing to protest § 275's exclusion of abortions necessitated by rape and incest, since the certified class of plaintiffs does not include rape or incest victims. Moreover, there is some indication in the record before us that § 275 has been changed in this respect, but we leave that to the district court to explore